UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY SHURLEY                                          CIVIL ACTION

VERSUS                                               NO. 23-1563

TIM HOOPER, WARDEN                                   SECTION: "G"(1)

## ORDER AND REASONS

Before the Court are Petitioner Gary Shurley's ("Shurley") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] The Magistrate Judge recommended that the petition be dismissed with prejudice.[4] Shurley objects to the Magistrate Judge's Report and Recommendation.[5] After reviewing the Magistrate Judge's Report and Recommendation, Shurley's objections, the record, and the applicable law, the Court overrules Shurley's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

## I. Background

### A.    *Factual Background*

On February 27, 2024, Shurley was convicted by a jury in the Twenty-First Judicial District Court for the Parish of Tangipahoa of second degree murder (Count One), theft (Count Two), and

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 10.

[3] Rec. Doc. 1.

[4] Rec. Doc. 10.

[5] Rec. Doc. 13.

1

being a felon in possession of a firearm (Count Three).[6] On March 11, 2014, the trial court sentenced Shurley to a mandatory term of life imprisonment at hard labor to be served without the benefit of parole, probation, or suspension of sentence as to Count One, ten years at hard labor as to Count Two, and twenty years at hard labor, without the benefit of parole, probation, or suspension of sentence as to Count Three, with the latter two sentences imposed consecutively with each other but concurrently with the life sentence.[7]

Shurley filed a direct appeal to the Louisiana First Circuit alleging the following claims: (1) the evidence was insufficient to support his second degree murder conviction; and (2) the trial court erred in denying his motion for new trial; and (3) the trial court erred in imposing his sentences on counts two and three consecutive with each other.[8] On June 5, 2015, the Louisiana First Circuit Court of Appeal affirmed his convictions and sentences, but remanded the matter for correction of the minutes and commitment order to reflect that the sentences imposed as to the theft and felon in possession convictions were imposed consecutively with each other and concurrently with the life sentence imposed on Count One.[9] The minutes and commitment were corrected on July 20, 2015.[10]

---

[6] Rec. Doc. 9-2 at 232–33 (Jury Verdict).

[7] Rec. Doc. 9 at 8–9 (Sentencing Minutes); Rec. Doc. 9-2 at 244 (Uniform Commitment Order); Rec. Doc. 9-4 at 118–34 (Sentencing Transcript). The sentencing transcript indicates that the latter two sentences were ordered to be served consecutive with each other, but concurrent with the mandatory life sentence for second degree murder. The minutes and commitment order stated that the latter sentences were concurrent with each other, but consecutive with the sentence on Count One.

[8] Rec. Doc. 9-5 at 2–20 (Appeal Brief).

[9] *State v. Shurley*, No. 2014-KA-0850 (La. App. 1 Cir. 6/5/2015); 2015 WL 3613186. Rec. Doc. 9-9 at 29–43.

[10] Rec. Doc. 9 at 9 (Minute Entry); Rec. Doc. 9-5 at 33 (Uniform Commitment Order).

On June 17, 2016, the Louisiana Supreme Court summarily denied Shurley's related writ application without stated reasons.[11] Shurley's conviction became final 90 days later, on September 15, 2016, when he did not file a writ application with the United States Supreme Court.

On May 27, 2016, Shurley filed in the state trial court a motion seeking grand jury transcripts or alternatively to dismiss the indictment if the transcript could not be produced.[12] The state trial court denied the motion finding "no grand jury transcripts were made."[13] On September 19, 2016, the Louisiana First Circuit denied Shurley's related writ application.[14] On January 9, 2018, the Louisiana Supreme Court also denied relief finding that, to the extent Shurley sought post-conviction relief, he failed to show that the state district court erred in denying and refusing his request for the grand jury transcripts.[15] The court further found that Shurley had fully litigated his application for post-conviction relief in state court.[16]

In the summer of 2016, Shurley sought District Attorney records through a public records request and a letter requesting court records.[17] When he received no action on his requests, he filed a request for writ of mandamus in the state trial court on September 20, 2016.[18] On April 12, 2017, the state filed a response to the request for a writ of mandamus in which it stated that there was no grand jury transcript, it had never received a public records request from Shurley, and the cost of

---

[11] *State v. Shurley*, No. 2015-KA-1246 (La. 6/17/2016); 192 So. 3d 775. Rec. Doc. 9-5 at 89.

[12] Rec. Doc. 9 at 9 (Motion for Transcript).

[13] Rec. Doc. 9-5 at 50 (May 31, 2016 Order).

[14] *State v. Shurley*, No. 2016-KW-973 (La. App. 1 Cir. 9/19/2016). Rec. Doc. 9-6 at 94.

[15] *State ex rel. Shurley v. State*, No. 2016-KH-1878 (Ka. 1/9/2018); 232 So. 3d 554. Rec. Doc. 9-8 at 238–40.

[16] *Id.*

[17] Rec. Doc. 9-6 at 15 (Letter).

[18] Rec. Doc. 9-6 at 38–48 (Writ of Mandamus).

a copy of the District Attorney file was $1,720.[19] The state trial court held a hearing on May 2, 2017, during which the court held the grand jury transcript could not be produced because the proceedings were not recorded, and Shurley was required to pay for a copy of the District Attorney file.[20] Shurley filed a motion for appeal and designation of record.[21] On June 12, 2017, the state trial court dismissed the matter as not being appealable under Louisiana Code of Criminal Procedure article 912, and directed Shurley to file a writ.[22] Thereafter, Shurley sent several letters inquiring about the status of the motion. On June 3, 2019, Shurley filed a motion requesting a final decision on his request for writ of mandamus and for appeal.[23] On July 31, 2019, the state trial court found that it had ruled on all the issues presented at the hearing.[24] The court concluded "[t]o the extent that there are any outstanding issues with regard to the May 2, 2017 hearing, the Court rules in favor of the State of Louisiana.[25] Shurley did not seek review of the order.

In the interim, on April 5, 2017, Shurley filed a timely application for post-conviction relief with the state district court in which he raised the following claims for relief: (1) the trial court erred in failing to instruct Shurley of the importance of presenting a defense at trial; (2) the trial court erred in failing to sequester the jury; (3) the trial court erred in denying various motions including his "motion of a notice of intention with motion to extend motion to quash," motion in limine, "second motion of a notice of intention," motion for severance of offenses, and motion for

---

[19] Rec. Doc. 9-8 at 212–13 (State's Response).

[20] Rec. Doc. 9 at 9 (Minute Entry); Rec. Doc. 9-8 at 215–26 (Hearing Transcript).

[21] Rec. Doc. 9-8 at 228 (Letter).

[22] Rec. Doc. 9-8 at 241 (Letter from Court).

[23] Rec. Doc. 9-9 at 53–55 (Motion).

[24] Rec. Doc. 9-9 at 56 (Order Filed August 5, 2019 and Signed July 31, 2019).

[25] *Id.*

new trial; (4) "the prosecutor's motion to bill of particulars was unconstitutional by not admitting all evidentiary statements to jury for credibility of their supposedly only eye witness;" (5) he was prejudiced by the victim's mother's affiliation with the state trial court and District Attorney's Office; (6) ineffective assistance of trial counsel; and (7) he was prejudiced by the failure to present exculpatory evidence at trial.[26]

After Shurley inquired about the status of his application for post-conviction relief, on August 8, 2018, the Tangipahoa Parish Clerk of Court sent him a letter advising that "an Order was not attached to the Motion, therefore, there was not an order granting or denying your motion."[27] On July 31, 2019, the state trial court denied Shurley's application for post-conviction relief finding that the Louisiana Supreme Court reviewed the underlying application.[28]

On August 3, 2020, the Louisiana First Circuit granted Shurley's related writ application in part, finding the trial court did not err in denying the motion regarding production of the grand jury transcript, but the trial court erred in failing to address the merits of the post-conviction relief motion.[29] Therefore, the Louisiana First Circuit remanded the matter for additional proceedings.

On August 23, 2018, while his application for post-conviction relief was pending, Shurley filed a federal habeas corpus application in this Court.[30] On October 24, 2019, this Court dismissed with original habeas corpus petition without prejudice.[31]

---

[26] Rec. Doc. 9-6 at 99–116 (Post-Conviction Relief Motion).

[27] Rec. Doc. 9-8 at 244 (Letter).

[28] *State v. Shurley*, No. 2020-KW-0465 (La. App. 1 Cir. 8/3/2020); 2020 WL 4435717. Rec. Doc. 9-9 at 77.

[29] Rec. Doc. 9-9 at 66 (Order Filed August 5, 2019 and Signed July 31, 2019).

[30] Case No. 18-8197, Rec. Doc. 1.

[31] Case No. 18-8197, Rec. Doc. 13.

After the Louisiana First Circuit's August 3, 2020 decision vacating the state trial court's August 5, 2019 denial of Shurley's application for post-conviction relief, the State filed procedural objections to the application on August 12, 2020.[32] The state district court sustained the procedural objections on August 15, 2020, and dismissed the application for post-conviction relief.[33]

On March 15, 2021, the Louisiana First Circuit denied Shurley's related writ application without written reasons.[34] On September 27, 2021, the Louisiana Supreme Court denied Shurley's related writ application without written reasons.[35]

On January 18, 2022, Shurley filed a second or subsequent application for post-conviction relief in the state trial court, raising the following claims for relief: (1) the 911 calls are inculpatory, exculpatory, and *Brady* material; (2) the State's primary witness contradicted herself; (3) certain protective order filings on behalf of the State's primary witness provide valuable impeachment material; and (4) there was no physical evidence supporting his conviction.[36] The State filed procedural objections including that Shurley failed to comply with the requirements under Louisiana Code of Criminal Procedure article 926.2 to show factual innocence.[37] On March 17, 2022, the state trial court sustained the State's procedural objections and dismissed Shurley's application as procedurally barred.[38]

---

[32] Rec. Doc. 9-9 at 78–81 (State's Procedural Objections).

[33] Rec. Doc. 9-9 at 82 (Order dated August 15, 2020).

[34] *State v. Shurley*, No. 2020-KW-1277 (La. App. 1 Cir. 3/15/2021); 2020 WL 961651. Rec. Doc. 9-9 at 99.

[35] *State v. Shurley*, No. 2021-KH-00507 (La. 9/27/2021); 324 So. 3d 98. Rec. Doc. 9-9 at 129.

[36] Rec. Doc. 9-9 at 103–63 (Second Application for Post-Conviction Relief).

[37] Rec. Doc. 9-10 at 165–70 (State's Procedural Objections).

[38] Rec. Doc. 9-10 at 171 (Order dated March 17, 2022).

On August 12, 2022, the Louisiana First Circuit denied Shurley's related writ application.[39] On April 25, 2023, the Louisiana Supreme Court denied Shurley's related writ application finding that he "previously exhausted his right to state collateral review and fails to show that any exception permits his successive filing. *See State ex rel. Shurley v. State*, 2016-1878 (La. 1/9/18), 232 So.3d 554."[40]

On May 9, 2023, Shurley filed the instant petition for habeas corpus in which he raised 10 claims for relief: (1)(a) insufficient evidence supported his second degree murder conviction; (1)(b) the state trial court erred in denying his motion for mistrial and motion for new trial; (2) the state trial court erred in denying his motion to quash the indictment without holding a hearing; (3) the state trial court erred in denying his request for a writ of mandamus; (4) the state trial court erred in failing to advise him about the importance of presenting a defense at trial; (5) the state trial court erred in failing to sequester the jury; (6) the state trial court erred in denying all defense motions; (7) he was prejudiced by the prosecution's failure to present conflicting statements of the key witness which did not conform with the prosecution's answer to the bill of particulars; (8) he was prejudiced by the victim's mother's affiliation with the state trial court and the District Attorney's office; (9) ineffective assistance of counsel for failure to (a) properly investigate the case; (b) file a motion for change of venue; (c) properly cross-examine Angele Aycock ("Aycock") and present the testimony of witnesses; (d) object to the trial judge's failure to conduct a colloquy regarding the waiver of his right to testify; (e) explain to him his right to testify; (f) present a

---

[39] *State v. Shurley*, No. 2022-KW-0448 (La. App. 1 Cir. 8/12/2022); 2022 WL 3336473. Rec. Doc. 9-10 at 180.

[40] *State v. Shurley*, No. 2022-KH-01432 (La. 4/25/2023); 359 So. 3d 987. Rec. Doc. 9-11 at 1.

defense; (g) object to the failure to sequester the jury; (h) missing court proceedings when she was ill; and (10) he is factually/actually innocent.[41]

On July 12, 2023, the State filed a response to the habeas petition.[42] The State claims that Shurley's petition is untimely and that his claims are unexhausted.[43] It further argues that all of Shurley's claims but claim one are not cognizable on federal habeas review.[44] Alternatively, the State claims that the claims are meritless.[45]

**B.**    ***Report and Recommendation Findings***

The Magistrate Judge recommends that the petition be dismissed with prejudice.[46] First, the Magistrate Judge addressed the State's arguments regarding timeliness of the petition, finding that the petition was timely filed.[47]

Second, the Magistrate Judge addressed whether the claims are unexhausted or procedurally barred.[48] The Magistrate Judge found that claim three was not fully exhausted because Shurley did not present the claim at every level of the state court system.[49] The Magistrate Judge also found that claims four through eight were procedurally barred because the state courts

---

[41] Rec. Doc. 1.

[42] Rec. Doc. 8.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] Rec. Doc. 10.

[47] *Id.* at 10–13.

[48] *Id.* at 13–26.

[49] *Id.* at 14.

rejected those claims on procedural grounds.[50] The Magistrate Judge determined that federal habeas review was barred for claims three through eight unless Shurley demonstrates "either cause and prejudice or that a failure to address the claim[s] will result in a fundamental miscarriage of justice."[51] The Magistrate Judge found that Shurley failed to show an objective cause for his default or any actual prejudice.[52] Additionally, the Magistrate Judge found that the failure to address the claims would not result in a fundamental miscarriage of justice as Shurley had not made a colorable showing of actual innocence of second degree murder.[53]

The Magistrate Judge proceeded to address the remaining claims on the merits. The Magistrate Judge found that Shurley was not entitled to relief on the sufficiency of the evidence claim.[54] Shurley pointed to the lack of DNA evidence, fingerprints, and gunshot residue to support his claim of insufficient evidence.[55] The Magistrate Judge concluded that the lack of such evidence did not prevent the jury from concluding that Shurley was guilty beyond a reasonable doubt.[56] Moreover, Aycock was the only witness to the crime, and the Magistrate Judge found that any challenge to her testimony goes to the weight of the evidence and her credibility, both of which are matters left to the jury's discretion and for which a court cannot substitute its own judgement

---

[50] *Id.* at 18–20. The Magistrate Judge also found that claim nine (ineffective assistance of counsel) was procedurally barred, but she considered the claims on the merits in light of the Supreme Court's decision in *Martinez v. Ryan*. *Id.* at 20.

[51] *Id.* at 21 (citing *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999)).

[52] *Id.* at 22.

[53] *Id.* at 22–26.

[54] *Id.* at 29.

[55] *Id.* at 43.

[56] *Id.*

on habeas review.[57] The Magistrate Judge also noted that Shurley's actions following the shooting were consistent with a finding of specific intent to kill.[58] Therefore, the Magistrate Judge concluded that the state court's denial of relief on this claim was not contrary to or an unreasonable application of Supreme Court precedent.[59]

The Magistrate Judge then considered Shurley's claim that the trial court erred in denying his motions for a mistrial and a new trial.[60] Specifically, Shurley argued that he was prejudiced by the introduction of "other crimes" testimony and the trial court's failure to remove a juror who fell asleep in the jury box.[61] To the extent that Shurley's arguments arise under state law, the Magistrate Judge found that review of such claims is not cognizable on federal habeas review.[62] The Magistrate Judge determined that the state trial court's denial of a motion for mistrial did not constitute a denial of fundamental fairness under the Due Process Clause.[63] With respect to the juror, the Magistrate Judge noted that Shurley failed to present clear and convincing evidence that the juror fell asleep for more than a few seconds on a single occasion so as to overcome the state court's findings.[64] With respect to the other crimes evidence, the Magistrate Judge concluded that

---

[57] *Id.* at 44.

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.* at 49.

[63] *Id.* at 50.

[64] *Id.* at 51.

the "brief comments, albeit improper, were ultimately harmless, played no role in the jury's verdict, and did not render Shurley's trial fundamentally unfair under federal law."[65]

Next, the Magistrate Judge considered Shurley's claim that denial of his request for grand jury transcripts or alternative motion to quash prejudiced him.[66] Louisiana maintains the secrecy of grand jury matters, and there is no statute mandating their recording.[67] Further, production of grand jury transcripts are generally limited to a showing that the transcript contains exculpatory evidence under *Brady v. Maryland*.[68] The Magistrate Judge found that Shurley had made no such showing of a particularized need, and had not alleged any such *Brady* violation which would warrant "a breach of the sanctity of the grand jury proceeding."[69] The Magistrate Judge thus concluded that the state court's denial of this claim for habeas relief was not contrary to or an unreasonable application of federal law.[70]

The Magistrate Judge then considered the merits of Shurley's ineffective assistance of counsel claims.[71] The Magistrate Judge found Shurley's claim that counsel did not adequately investigate the case to be meritless because Shurley did not show that a more thorough investigation would have revealed additional beneficial evidence.[72] The Magistrate Judge found

---

[65] *Id.* at 54.

[66] *Id.* at 55.

[67] *Id*. at 56.

[68] *Id.* at 57.

[69] *Id.*

[70] *Id.*

[71] *Id.* at 57–70.

[72] *Id.* at 59–60.

that defense counsel's cross-examination of the State's primary witness, Aycock, was "generally thorough and appropriate."[73]

To the extent Shurley claims that counsel failed to present testimony of Deputy Leo Tate and Chief Peavey, the Magistrate Judge determined that Shurley provided no evidence that they were available and would have testified in a beneficial manner to his case, failed to explain what testimony they would have provided, failed to show that he was prejudiced by the failure to call the witnesses, and failed to show a reasonable probability that the outcome would have been different had the witnesses been called.[74] The Magistrate Judge reviewed the court record and found that Shurley did not establish that counsel was ineffective in missing any court dates, nor that he was prejudiced by any absences of counsel.[75]

To the extent Shurley argued that counsel should have moved to change venue based on the victim's mother's work as notary public, the Magistrate Judge determined that Shurley failed to show that the jury's familiarity with the victim's mother was so pervasive and inherently prejudicial that an unbiased jury pool was not assembled, and failed to show that any reasonable basis existed for a potentially successful motion to change venue.[76] To the extent counsel should have objected to the trial court's failure to sequester the jury, the Magistrate Judge noted that, in Louisiana, sequestering the jury during trial is not required for non-capital offenses, and Shurley failed to present evidence that the jury was not sequestered once they were charged and began deliberations.[77]

---

[73] *Id.* at 61.

[74] *Id.* at 62–63.

[75] *Id.* at 64.

[76] *Id.*

[77] *Id.* at 65.

To the extent Shurley claims that counsel failed to explain what it meant to waive the right to testify, the Magistrate Judge noted that Shurley offered no actual evidence establishing that he wanted to testify at trial or that counsel prohibited him from doing so.[78] As for Shurley's claim that counsel ignored defenses or failed to formulate a defense, the Magistrate Judge determined that Shurley did not point to any defenses which his counsel should have presented, and in fact the record showed that counsel presented defenses "vigorously and meaningfully" at trial.[79]

Finally, the Magistrate Judge analyzed Shurley's claim that he should be granted relief because he is actually innocent.[80] The Magistrate Judge concluded that actual innocence is not a cognizable freestanding claim, and even if it were, Shurley has not met the rigorous burden of proving such a claim.[81]

## II. Objections

Shurley filed objections to the Report and Recommendations.[82] According to Shurley, he asked his appointed counsel to raise all of the claims on direct appeal that he brings in this proceeding, but she advised him that some of the claims could not be raised on direct appeal and had to be brought in post-conviction proceedings.[83] To the extent any of his claims are defaulted, Shurley argues that the default is due to ineffective assistance of counsel on appeal.[84]

---

[78] *Id.* at 66.

[79] *Id.* at 70.

[80] *Id.*

[81] *Id.* at 72.

[82] Rec. Doc. 13.

[83] *Id.* at 4–5.

[84] *Id.* at 5.

Shurley argues that the evidence was insufficient to support his conviction.[85] Shurley also argues that his trial counsel should have called law enforcement personnel to testify at trial.[86] Shurley contends the officers could have presented testimony regarding Aycock's behavior at the scene, which would have contradicted Aycock's trial testimony.[87] Shurley also argues his counsel was ineffective in cross-examining witnesses and in failing to request that the jurors be sequestered.[88] Shurley states he continually told his trial counsel that he wanted to testify in his own defense, but counsel refused his request.[89] Shurley contends that his trial counsel failed to put on any defense.[90] Shurley asserts the victim's mother was well known in the community, and so counsel should have moved to change the venue.[91] Shurley asserts that he presented his counsel with information that would have refuted Aycock's testimony that Shurley and the victim did not get along in the past, but his counsel failed to investigate these leads or present this information at trial.[92]

### III. Standard of Review

#### A.    *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the

---

[85] *Id*. at 7.

[86] *Id*.

[87] *Id*. at 8–9.

[88] *Id*. at 12–13.

[89] *Id*. at 13.

[90] *Id*. at 14.

[91] *Id*. at 15–16.

[92] *Id*. at 17–18.

recommended disposition" of a Magistrate Judge on a dispositive matter.[93] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[94] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[95]

### B.    Standard of Review Under the AEDPA

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[96] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[97] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[98]

Regarding this standard, the United States Court of Appeals for the Fifth Circuit has explained:

> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent

---

[93] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[94] Fed. R. Civ. P. 72(b)(3).

[95] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[96] *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–404 (2000)).

[97] 28 U.S.C. § 2254(d)(2).

[98] *Id.* § 2254(d)(1).

if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[99]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[100] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[101]

## IV. Law and Analysis

### A.    Exhaustion Doctrine and Procedural Default

The Magistrate Judge recommended that claims three through eight be dismissed under the procedural default rule.[102] Specifically, the Magistrate Judge found that claim three was not fully exhausted because Shurley did not present the claim at every level of the state court system.[103] The Magistrate Judge also found that claims four through eight were procedurally barred because the state courts rejected those claims on procedural grounds.[104] In objection to the Report and

---

[99] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[100] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[101] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[102] Rec. Doc. 10 at 13–26.

[103] *Id.* at 14.

[104] *Id.* at 18–20. The Magistrate Judge also found that claim nine (ineffective assistance of counsel) was procedurally barred, but she considered the claims on the merits in light of the Supreme Court's decision in *Martinez v. Ryan*. *Id.* at 20. In *Martinez v. Ryan*, the Supreme Court held that ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. 566 U.S. 1 (2012). In *Trevino v. Thaler*, the Supreme Court held that *Martinez* applies where "the [state] procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful

Recommendation, Shurley argues that the Court should consider these claims because the default is due to ineffective assistance of counsel on appeal.[105]

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[106] Additionally, when a petitioner has failed to exhaust state court remedies and the state court to which the petition would be required to present their claims would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review and must be dismissed.[107] In such cases, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[108]

### 1.    Cause and Prejudice

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[109] Shurley suggests that the cause for his procedural default is his appellate counsel's failure to raise the claims on direct appeal. "The Supreme Court acknowledges that ineffective assistance of appellate counsel for failing properly to preserve a constitutional claim for review in state court can provide cause to excuse procedural

---

opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." 569 U.S. 413, 428(2013). For this same reason, the Court also considers the ineffective assistance of counsel claim on the merits.

[105] Rec. Doc. 13 at 5.

[106] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[107] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

[108] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[109] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

default."[110] However, any claim by Shurley regarding ineffective assistance of appellate counsel is also procedurally defaulted.

In *Edwards v. Carpenter*, a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his Section 2254 petition.[111] The petitioner had never raised the ineffective assistance of appellate counsel claim in state court, and he was procedurally barred from raising the claim.[112] The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance of appellate counsel claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim.[113]

Apart from the argument that appellate counsel failed to raise the claims, Shurley presents no argument or evidence to show that some factor external to the defense caused his failure to exhaust or prevented him from raising the claims in a procedurally proper manner. Shurley has not shown that any underlying claims of ineffective assistance of appellate counsel are "substantial" because he has not demonstrated that "any such claim has some merit."[114] "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether

---

[110] *Tong v. Lumpkin*, 90 F.4th 857, 868 (5th Cir. 2024) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)).

[111] 529 U.S. 446, 451 (2000).

[112] *Id.*

[113] *Id.* at 451–53.

[114] *Martinez*, 566 U.S. at 14. The defaulted claims are: (3) the state trial court erred in denying his request for a writ of mandamus; (4) the state trial court erred in failing to advise him about the importance of presenting a defense at trial; (5) the state trial court erred in failing to sequester the jury; (6) the state trial court erred in denying all defense motions; (7) he was prejudiced by the prosecution's failure to present conflicting statements of the key witness which did not conform with the prosecution's answer to the bill of particulars; (8) he was prejudiced by the victim's mother's affiliation with the state trial court and the District Attorney's office. These claims overlap with the ineffective assistance of trial counsel claims addressed in Section C. As set forth in Section C, the ineffective assistance of trial claims are without merit. Appellate counsel's failure to raise these claims also does not constitute ineffective assistance of counsel.

'prejudice' is shown."[115] Because Shurley has failed to show an objective cause for his default, the Court need not determine whether prejudice existed.[116] However, even if Shurley could establish cause for his default, he has failed to show any "actual prejudice."[117] To show actual prejudice, Shurley must prove that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[118] Shurley presents no argument to support such a finding. Accordingly, federal habeas review of claims three through eight is barred unless Shurley demonstrates that a failure to address these claims will result in a fundamental miscarriage of justice.[119]

### 2.    Fundamental Miscarriage of Justice

To establish a fundamental miscarriage of justice, a petitioner must provide the Court with evidence that would support a "colorable showing of factual innocence."[120] When the petitioner has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception.[121] In the instant case, Shurley asserts that he has shown a fundamental miscarriage of justice will occur if the merits of these claims are not

---

[115] *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (internal citation omitted).

[116] *Ratcliff v. Estelle*, 597 F.2d 474, 477–78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681–82 (5th Cir. 1977)).

[117] *See Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014).

[118] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 167 (1982)).

[119] *Hughes*, 191 F.3d at 614.

[120] *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). *See also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). *See also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations.").

[121] *See Golver v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997).

reviewed because he is innocent.[122] However, Shurley has presented no evidence to show his actual innocence.[123] Accordingly, the Court concludes that Shurley has failed to overcome the procedural bar as to claims three through eight.

## B.    *Sufficiency of the Evidence Claim*

Shurley objects to the Magistrate Judge's determination that Shurley is not entitled to relief on his sufficiency of the evidence claim.[124]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[125] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[126]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[127] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental

---

[122] Rec. Doc. 16 at 4.

[123] *See also* Rec. Doc. 10 at 23–26 (Report and Recommendation addressing the actual innocence claim in additional detail).

[124] Rec. Doc. 13 at 7.

[125] 443 U.S. 307, 324 (1979).

[126] *Id.* at 318–19 (emphasis in original) (quotation marks and citations omitted).

[127] *Id.* at 319.

protection of due process of law."[128] The Supreme Court has recognized that "the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review."[129]

Under Louisiana law, "[s]econd degree murder is the killing of a human being ... [w]hen the offender has a specific intent to kill or to inflict great bodily harm. . . ."[130]

> In order to prove second degree murder under [that definition], the State must prove the killing and that the defendant had specific intent to kill or inflict great bodily harm. Specific criminal intent is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. The determination of specific criminal intent is a question of fact. Specific intent may be inferred from the circumstances and from the defendant's actions, and the intent to kill or to inflict great bodily harm may be inferred from the extent and severity of the victim's injuries.[131]

Shurley does not contest that he was involved in the shooting that caused Lock's death. Rather, he claims that the State failed to prove beyond a reasonable doubt that he had the intent to kill or inflict great bodily harm upon Lock.

Shurley has not shown that the inferences made by the jury were unreasonable. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, the jury verdict was not irrational, and Shurley has not demonstrated that he is entitled to relief on this issue.

---

[128] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotation marks and citations omitted).

[129] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[130] La. Rev. Stat. Ann. §14:30.1(A)(1).

[131] *State v. Durand*, 07-4 (La. App. 5 Cir. 6/26/07); 963 So. 2d 1028, 1034 (quotation marks and citations omitted).

### C.    *Ineffective Assistance of Counsel Claims*

Shurley objects to the Magistrate Judge's finding that he is not entitled to habeas relief on his ineffective assistance of counsel claims.[132] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[133] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[134] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[135] A petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[136] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[137] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[138] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[139]

---

[132] Rec. Doc. 13. at 7–18.

[133] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[134] *Id.*

[135] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[136] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[137] *See Strickland*, 466 U.S. at 690.

[138] *Id.* at 694.

[139] *Id.*

When a petitioner's ineffective assistance of counsel claims on federal habeas corpus review are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[140] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[141] Thus, this standard is considered "doubly deferential" on habeas corpus review.[142]

### 1.    Failure to Investigate the Case

Shurley claims that counsel did not adequately investigate the case. However, Shurley has offered no evidence or information to establish what further investigation would have revealed or that it would have altered the outcome of his trial. "A petitioner cannot show prejudice with respect to a claim that counsel failed to investigate and present mitigating evidence without adducing what the investigation would have shown."[143]

### 2.    Failure to Adequately Cross-Examine Aycock

Shurley argues that defense counsel failed to adequately cross-examine the State's primary witness, Aycock. As the Fifth Circuit has recognized, defense counsel's "conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."[144]

---

[140] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)) (internal quotation marks omitted).

[141] *Id.*

[142] *Id.*

[143] *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696).

[144] *Pape v. Thaler*, 645 F.3d 281, 291 (5th Cir. 2011) (quoting *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009)).

The Fifth Circuit instructs that courts should defer "to counsel's judgment about the presentation and questioning of witnesses when such choices are the result of a 'conscious and informed decision on trial tactics.'"[145] A review of the state court record shows that defense counsel attempted to discredit Aycock's direct testimony by vigorously attacking her credibility on cross-examination. On multiple occasions, counsel highlighted contradictions between Aycock's testimony and the testimony and statements of other witnesses.[146] Therefore, Shurley has not demonstrated that counsel was ineffective in her cross-examination of Aycock.

### 3.    Failure to Call Witnesses

Shurley claims that counsel was ineffective for failing to present testimony of Deputy Leo Tate and Chief Peavey. "Claims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain."[147] To succeed on such a claim, Shurley must: (1) name the witness; (2) demonstrate that the witness was available to testify and would have done so; (3) set forth the content of the witness's proposed testimony; and (4) show that the testimony would have been favorable to a particular defense.[148]

Shurley has named Deputy Leo Tate and Chief Peavey as witnesses who could have been called. However, he has not shown that they would have been available to testify. Shurley does not present any evidence or allegations concerning what the witnesses would have stated or that

---

[145] *Id.* (quoting *Cotton v. Cockrell*, 343 F.3d 746, 752–53 (5th Cir. 2003)).

[146] Rec. Doc. 9-4 at 3–4, 9–10, 13 (Trial Transcript).

[147] *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

[148] *Id.* (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

their testimony would have been favorable to his defense. Therefore, he has not met his burden with respect to this claim.

### 4.    Missed Court Dates

Shurley claims that his counsel was ineffective in missing scheduled court hearings. He notes that Assistant Public Defender Renee Molland was ill, missed unspecified court dates for surgery, and had to have another attorney appear in her place. He argues another attorney, Willis Ray, missed unspecified court dates because he was trying another case.

The record reflects that on February 4, 2014, APD Tammy Thompson appeared in court with Shurley and moved to continue the trial because Molland was very ill.[149] The trial was continued and rescheduled for a later date.[150] Ultimately, both Molland and Ray represented Shurley at trial. Shurley has not shown that his counsel was ineffective for missing any court dates or that he was prejudiced by any absences of counsel.

### 5.    Failure to File a Motion to Change Venue

Shurley argues that his trial counsel was ineffective in failing to file a motion for a change of venue based on the victim's mother's work as a notary public. To establish prejudice under *Strickland*, Shurley must "bring forth evidence demonstrating that there is a reasonable probability that the trial court would have, or at least should have, granted a motion for change of venue if [defense] counsel had presented such a motion to the court."[151]

Under Louisiana law, a trial court must change the venue of a prosecution "when the applicant proves that by reason of prejudice existing in the public mind or because of undue

---

[149] Rec. Doc. 9 at 4 (Minute Entry).

[150] *Id.* (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

[151] *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000).

influence . . . a fair and impartial trial cannot be obtained in the parish where the prosecution is pending."[152] The court must consider whether "the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."[153]

Shurley offers no evidence to establish prejudice under *Strickland*. He has not demonstrated that any outside influence was so pervasive and inherently prejudicial that an unbiased jury pool was not assembled. Therefore, Shurley has not demonstrated that there was a reasonable basis upon which to request a change of venue, and counsel was not ineffective in failing to raise such an argument.[154]

### 6.    Failure to Sequester the Jury

Shurley claims that his counsel should have objected to the state trial court's failure to sequester the jury. In Louisiana, sequestering the jury during trial is not required for non-capital offenses,[155] and Shurley failed to present evidence that the jury was not sequestered once they were charged and began deliberations.

### 7.    Failure to Explain Waiver of Right to Testify

Shurley claims that counsel failed to explain what it meant to waive the right to testify. To prevail on a claim that defense counsel was ineffective for preventing Shurley from testifying, he must put forward something more than his own conclusory assertions.[156] "Some greater

---

[152] *State v. Bordelon*, 33 So.3d 842, 866 (La. 2009) (citing La. Code Crim. P. art. 622).

[153] *Id.*

[154] *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (concluding that "counsel is not required to make futile motions or objections.").

[155] La. Code Crim. P. art. 791.

[156] *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999) ("Courts have observed that allowing a bare assertion of a right-to-testify violation to precipitate the further investment of judicial resources is problematic."). *See*

particularity is necessary—and . . . some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify—to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim."[157]

Shurley does not present any evidence to support his conclusory assertion that he wanted to testify but his counsel prevented him from doing so. Even assuming deficient performance, Shurley must also meet the second prong of *Strickland*, which requires a showing of "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[158] Shurley must "show that he was prejudiced by his counsel's failure to leave to him the final decision of whether he ought to testify."[159] If Shurley had taken the stand he would have been subjected to cross examination, including questions about Shurley's prior criminal history. As the Fifth Circuit found in *Mullins*, this Court "can say only that his testimony *might* have persuaded [the jury], but not that there is a reasonable probability that it would have done so."[160] Accordingly, even assuming Shurley's counsel's performance was defective, Shurley has not shown that the outcome of the trial would have been different if he had testified at trial.

### 8.    Failure to Formulate a Defense

Shurley argues that defense counsel ignored defenses or failed to formulate a defense. To prevail on a claim that counsel was ineffective for failing to pursue a certain defense, a petitioner

---

*also Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991) (stating that a conclusory assertion by a defendant that he was denied the right to testify was insufficient to require a hearing).

[157] *Underwood*, 939 F.2d at 476.

[158] *Strickland*, 466 U.S. at 695.

[159] *Mullins*, 315 F.3d at 457.

[160] *Id.* at 456.

must show that the defense in question was in fact a viable one.[161] Shurley did not point to any defenses which his counsel should have presented, and the record shows that counsel presented a vigorous and meaningful defense.

For these reasons, Shurley has not demonstrated that he is entitled to relief on any of his ineffective assistance of counsel claims.

### D.    *Portions of the Report and Recommendation Without Objection*

The Magistrate Judge found that Shurley is not entitled to relief on his claim that the trial court erred in denying his motions for a mistrial and a new trial.[162] The Magistrate Judge also found that Shurley is not entitled to relief on his actual innocence claim because such a claim is not a cognizable claim on federal habeas review, and even if it were a cognizable claim, Shurley has not met the rigorous burden of proving such a claim.[163] Shurley does not object to these portions of the Report and Recommendation. Reviewing for plain error and finding none, the Court adopts the Magistrate Judge's recommendation with respect to these claims.

### V. Conclusion

For the reasons stated above, claims three through eight are procedurally barred and must be dismissed. As for the claims that were considered on the merits, Shurley has not shown that the state court's denial of relief was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Shurley's objections are **OVERRULED**.

---

[161] *See, e.g., Otero v. Louisiana*, Civ. Action No. 12-1332, 2013 WL 6072716, at *14-15 (E.D. La. Nov. 18, 2013); *Higgins v. Cain*, Civ. Action No. 09-2632, 2010 WL 890998, at *9 n.24 (E.D. La. Mar. 8, 2010), *aff'd*, 434 F. App'x 405 (5th Cir. 2011).

[162] Rec. Doc. 10 at 44–55.

[163] *Id*. at 71–72.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Gary Shurley's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the petition is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __4th__ day of June, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**